UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

State of New Hampshire

V.                                                                          Case no. 25-cr-00024-SM-AJ

Joseph L. Everett

## ORDER

    Joseph L. Everett, the defendant in a state criminal action, filed a second Notice of Removal on April 3, 2025. Everett again seeks to remove his pending misdemeanor case charging him with disobeying a police officer from New Hampshire 9th Circuit District - Division Court, Milford to this court.

    Once a notice of a removal of a state criminal prosecution is filed, 28 U.S.C § 1455 authorizes the court to remand summarily those state criminal prosecutions that do not appear on the face of the removal notice to be properly removed to this court:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1455(b)(4). Given Everett's pro se status, this court construes his notice of removal liberally.   Ericson v Pardus, 551 U.S. 89, 94 (2007) (per curiam).

    Everett alleges his rights have been violated while traveling in his personal capacity. Mr. Everett relies on 28 U.S.C § 1455, which provides the procedural structure for removal of criminal prosecutions commenced in state court. Mr. Everett provides no legal basis for the court to accept his removal action. More importantly, Mr. Everett had a notice of removal of the same state court case summarily denied by this court in case 24-cv-294-LM.

    28 U.S.C. § 1455(b)(2) plainly states that an original notice of removal must include all

grounds for removal. Failure to state grounds that existed at the time of the notice constitutes a waiver of such grounds. Mr. Everett provides no new grounds for his second notice of removal.

As Mr. Everett points out in his notice of removal the notice must be filed within 30 days after arraignment in state court. Mr. Everett was arraigned on September 9, 2024 on the current charges. His notice fails as untimely.

28 U.S.C § 1443 provides the framework for removing civil rights violations. In order to rely on this section for a successful removal, the criminal defendant must demonstrate (1) "that the right allegedly denied…arises under a federal law for specific civil rights stated in terms of racial equality" and (2) that the "specified federal rights" are denied or cannot be enforced in the courts of the state." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks omitted) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Neither part of that test is satisfied here.

Everett asserts no claim of racial inequality under the first part of the test. The second part of the test for removability under § 1443(1) also provides grounds to remand the case.

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court.

City of Greenwood v. Peacock, 384 U.S. 808, 827-8 (1966). Rachel is a case where the "very act of bringing a defendant to trial" violated the defendant's rights. Peacock, 384 U.S. at 828. The federal racial equality statute at issue in Rachel immunized the defendants from attempts to punish them for disobeying an order to leave public accommodations based on their race, making the trespass prosecution itself a violation of the federally protected right. Rachel, 384 U.S. at 805. There is no comparable federal law that immunizes Everett from misdemeanor charges of

disobeying a police officer.

Reviewing the removal pleading most favorably to the Petitioner, no basis for removal jurisdiction exists in this case. As a result, this matter is summarily remanded to the New Hampshire 9th Circuit – District Division, Milford court. Additionally, Mr. Everett paid a $405 filing fee that is required for civil cases. This case is a criminal case. I order that the filing fee be refunded to Mr. Everett.

**SO ORDERED.**

/s/ Steven J. McAuliffe
Steven J. McAuliffe
United States District Judge

Date:   April 24, 2025

cc:     Joseph L. Everett, pro se